[No. 2711. Decided December 17, 1897.]

MARY A. GAFFNEY, *Respondent*, v. R. S. JONES, *Appellant.*

18  311
s23  490

ATTORNEY AND CLIENT — CONTRACTS — PURCHASE BY ATTORNEY OF GOODS LEVIED ON IN CLIENT'S ACTION.

Where an attorney, after having obtained a judgment for his client and a levy of execution upon a quantity of brick to satisfy same, agrees with his client to bid in the brick himself and turn over to the client the excess of the bid over the amount of a prior mortgage on the brick, and the attorney subsequently dismisses the levy and purchases the brick at private sale on his own account from the judgment debtor, he is liable to his client for any excess in value of the brick over the mortgage lien thereon at the time of purchase by him, up to the full sum of her judgment.

Appeal from Superior Court, King County.—Hon. E. D. Benson, Judge. Affirmed.

*John Arthur (Brinker, Jones & Richards,* of counsel), for appellant.

*J. H. Allen, John H. Powell,* and *Jay C. Allen,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The complaint in this case alleges substantially that the defendant under employment as attorney at law by the plaintiff had prosecuted an action in favor of plaintiff and against one John W. Megrath *et al.* for a large sum of money, that in said action judgment was obtained against said Megrath *et al.* for the sum of $1,161.29, and that upon appeal to the supreme court this judgment was modified and affirmed to the extent of $861.29 and awarding the costs on appeal amounting to $41.50 to the plaintiff; that during the pendency of said action in the supreme court the defendant, as plaintiff's attorney, caused a writ of execution to issue in said cause, and caused the same to be duly levied upon 460,000 bricks, the property of the said John W. Megrath, and of the value of $2,000, and that said brick were duly advertised for sale on the thirtieth day of June, 1894; that on the said thirtieth of June, 1894, and prior to the time advertised for the sale of said bricks, said defendant, as attorney for the plaintiff, and without her knowledge or consent, directed the sheriff to release the bricks from the levy of the writ, and that thereupon the sheriff did so release them; that thereafter the said defendant without the knowledge or consent of the plaintiff entered into an agreement with Megrath whereby Megrath executed and delivered a bill of sale whereby he sold and conveyed to the defendant said bricks and all thereof; during all of which time the defendant was acting as attorney for the plaintiff. The agreement above referred to is made a part of the complaint.

It is alleged that defendant sold and disposed of the bricks for his own use and benefit. The plaintiff demands that the defendant pay to her the value of the bricks and that he apply the proceeds derived from the sale of said bricks upon the plaintiff's judgment mentioned above, viz., the sum of $861.29 and $35 as costs together with interest upon the same. The answer is very voluminous and sets up a great deal of evidentiary matter. The material allegations, however, are to the effect that the plaintiff refused to buy these bricks in at execution, and that the defendant notified the plaintiff that if she would not do so he would buy them for himself, to which the plaintiff consented. The instruction to the jury was as follows:

"If you believe from a preponderance of the evidence in this case that the defendant, Jones, has taken, sold, or otherwise disposed of any or all of the brick described in the pleadings and that the value of such brick, if any, at the time they were acquired by the defendant, exceeds the sum of $500.20, then you will find a verdict for the plaintiff, against the defendant, for the amount of such excess, provided, however, that you will not find for the plaintiff in a sum greater than $896.29, with interest thereon at eight per cent. per annum from May 26th, 1894, to this time. Should you find, from a preponderance of the evidence in this cause, that there was no such excess, you will find a verdict for the defendant."

It is claimed by appellant that this instruction took from the jury the right to determine questions of fact which are raised by the pleadings. We have examined the record in this case and are satisfied both from the evidence admitted and that which was offered by the appellant and rejected— although we think that the portion rejected was absolutely immaterial, and indeed a great deal that was admitted was immaterial—that the instruction was correct and all the instruction that could have been given in this case. From the respondent's testimony it appears that the execution

was levied on a lot of bricks which had a prior mortgage of something over $400 upon them, and this, together with the costs accrued, is the sum of $5̇00.20 referred to in the instruction. The substance of all the lengthy correspondence between the appellant and the respondent is that after the appellant had failed to prevail upon the respondent to purchase these bricks as he advised her, no doubt thinking that such a purchase would be a good investment for her, he made the following proposition to her:

" Now, while you do not care for the brick, yet I know as a business man *that there can be money made in buying those brick on your judgment,* and if you will give me permission to do so, I will buy them in your name and pay you the difference between the mortgage which I have to pay off and which is now on them and what I bid for the brick, and then I will hold the brick myself as a speculation, paying you of course the $62.20 already paid. *I would rather do this business for you, as you are my client and I think it is to your interest to do it,* but if you do not want them I would like to buy them in this way for myself."

After some further correspondence showing that the respondent had evidently misunderstood the proposition of the appellant, thinking that he proposed to pay off her judgment, and after it was made plain to her, we think, by the appellant that he only promised to pay her the difference between the mortgage and what he was compelled to bid for the brick, the proposition was accepted by the respondent. It seems, however, that instead of buying in the brick the appellant had the execution withdrawn and the levy released, and entered into an agreement with Megrath whereby he, the appellant, became the owner of the brick under certain conditions, and that he afterwards sold the brick and appropriated the proceeds to his own use. The relations of the appellant with Megrath, we think, are not

material in this case. According to the testimony of the appellant himself, after agreeing with respondent to bid in these bricks and to pay the difference between the mortgage which was on the brick and the amount that he was compelled to bid, to the respondent, he obtained by private arrangement the ownership of the brick without giving the respondent the benefit of any competition at the sale. It may have been that the bricks would not have sold for any more at public sale than the appellant gave for them, but, on the other hand, it may have been that they would have sold for a great deal more. The appellant was dealing with the interests of a client, the client had a right in the value of those bricks by reason of the levy which was upon them, and if by the act of the attorney that right was in any manner divested without the consent of the client he divested it at his own peril. It is true the appellant claims that the respondent afterwards ratified his action and several times expressed gratification that he had made something out of the brick, but it nowhere appears that the respondent was fully advised of the circumstances under which he obtained the brick. She positively asserts all the time, and there is no evidence to the contrary, that she supposed that the brick had been sold in conformity with their agreement, viz., that they had been bid off at public sale. Having agreed to this proposition, and supposing that it had been carried out, she of course loses nothing by any expressions that she may have made in congratulating the appellant upon his successful deal. So far as the character of this action is concerned, and the measure of damages, we think the court took the right view of it.

It is true that in this bill of sale, or agreement, or whatever it may be called, between the appellant and Megrath, it is stated that under certain conditions the proceeds of the brick are to be applied upon the judgment of Mrs. Gaff-

ney, and if this plan had been carried out, and the appellant had received the brick for the respondent's use and benefit, and sold them as her agent or trustee, then an accounting would be required, and he would be responsible only for what he received for the brick. But the whole record shows that the appellant treated these brick after he bought them of Megrath as his own, and that he eliminated the respondent's interest from them entirely. In fact, he frankly testifies that he did not consider that Mrs. Gaffney had any interest in the deal, and that the purchase of the brick was his deal. This being admitted, and it being true, as we think, that the respondent was deprived of the right she had in the brick by the action of the appellant, there was nothing left for the jury to determine but the amount of damages under the instruction of the court.

The judgment will be affirmed.

SCOTT, C. J., and ANDERS and REAVIS, JJ., concur.

GORDON, J., not sitting.